# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

SHANE QUERRY,                    )
                                 )
          Petitioner,         )
                                 )
          v.                  )    Case No. 1:17-cv-02709-TWP-MJD
                                 )
SUPERINTENDENT,                  )
                                 )
          Respondent.         )

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Shane Querry ("Mr. Querry") which challenges a prison disciplinary proceeding identified as No. IYC 17-01-0186. For the reasons explained in this Order, Mr. Querry's habeas petition must be **denied**.

## I.    OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## II.    THE DISCIPLINARY PROCEEDING

On January 20, 2017, Sergeant T. Andis wrote a Report of Conduct charging Mr. Querry

with a violation of Code A-106, possession of a dangerous weapon.  The Report of Conduct states:

> On, 01-20-2017 at approximately 1:45 PM I, Sergeant T. Andis was conducting a
> search of HUW M-33L. During the search I located a homemade pointed edge
> weapon. A further search produced no contraband. The items were secured[,]
> photographed and logged into I&I evidence. Offender Querry, Shane #943517 &
> Offender Ward, Kevin #925824 are both assigned to the cell during the search.

[Dkt] 1-1 at 8; [Dkt] 9-1.

Mr. Querry was also provided with a Notice of Confiscated Property that, among other

items, identified a "Pointed edge weapon" and listed "Unauthorized-106" for the reason of

confiscation.  [Dkt] 1-1 at 9; [Dkt] 9-2.

Mr. Querry was notified of the charge on January 25, 2017, when he received the Screening

Report.  He pled not guilty to the charge and did not request a lay advocate.  [Dkt] 1-1 at 13; [Dkt]

9-4.  He requested to call Officer Fugate as a witness to ask him two questions: (1) "did the item

look like the other find [sic] prior" and (2) "what did I.I. state to you in regards to the event prior."

He also requested video review of the shakedown and photos.  In response to Mr. Querry's two

questions, Officer Fugate responded: (1) "The weapon I found was made in the same way as the

one Sergeant Andis had found. The only difference I noticed was the shape of the magnet attached

to the shaft" and (2) "Nice find, Good job".  [Dkt] 1-1 at 11; [Dkt] 9-5.

The hearing officer viewed the video evidence and completed a summary of the video,

which states:

> On 1/31/2017 I DHO L. Glenn did review video requested by offender Querry,
> Shane #943517 of an incident that took place on 1/20/2017 in HUW cell 33. On
> camera HUW M Unit Dayroom on 1/20/2017 at 1:30:31 pm Sgt. T. Andis walks
> up to the door of cell 33 in HUW M unit and unlocks the door then enters the cell
> and goes out of the view of the camera. At 1:48:53 pm Sgt. Andis is observed on
> camera again exiting cell 33 and secures the door behind him.

[Dkt] 1-1 at 12; [Dkt] 9-7.

The prison Disciplinary Hearing was held on February 4, 2017. According to the notes from the hearing, Mr. Querry stated:

> The last one they found I told them in screening that I would plead guilty because my bunky only had 47 days left. Screening told me that I could tell DHB about it but I didn't get to say anything. Because Gagnon already had me sanctioned when he came to talk to me at medical. Andis told me he found this one in a heater vent. Fugate told me the first one was rusted and old and there were affiliates in there before me.

Dkts. 1-1 at 7; 9-6. Based on the staff reports, Mr. Querry's statement, Officer Fugate's statement, the photograph of the confiscated items, the confiscation slip and the video review, the hearing officer found Mr. Querry guilty of possession of a deadly or dangerous weapon. The sanctions imposed included eighty-two (82) days earned-credit-time deprivation.

Mr. Querry appealed to the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, both of which were denied. He then brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.   ANALYSIS

In his Petition, Mr. Querry lists three grounds on which he challenges his prison disciplinary conviction:   (1) the definition of "possession"; (2) a violation of IDOC policy regarding his credit classification (citing to VII.A.1); and (3) untimeliness of the screening in violation of IDOC policy (citing to VIII.A.2). The Respondent notes that Mr. Querry did not exhaust his administrative remedies as to some of his grounds for habeas relief. The Respondent further argues that violations of IDOC policy are not grounds for habeas relief and the finding of guilty was supported by "some evidence". Mr. Querry did not file a reply brief and the time to do so has passed.

**A.**      **Exhaustion of Administrative Appeals and Violation of IDOC policy**

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The Respondent argues that Mr. Querry failed to exhaust the administrative appeals process as to his second and third grounds regarding violations of IDOC policy, and because the time to complete such administrative appeals process has passed, no relief can be given under the habeas corpus doctrine. The undisputed record reflects that he failed to timely exhaust his available administrative remedies before filing this action.

Even had Mr. Querry timely appealed his second and third grounds, Mr. Querry would not have been entitled to relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus

review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Accordingly, Mr. Querry is not entitled to relief on his claims regarding IDOC policies or violations thereof.

**B.**     **Sufficiency of the Evidence**

Mr. Querry argues that his procedural due process was violated, citing simply "Definition 'possession." [sic]  [Dkt] 1 at 2.  The Respondent interprets Mr. Querry's claim to challenge the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard.  "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."  *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).  The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard.  *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).  "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section A-106 is entitled "Possession of Dangerous/Deadly Contraband/Property," and is defined as "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon."  Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Possession

is defined as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders at 5, available at

http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-

2015.pdf.

In this case, the fact that the weapon was found in Mr. Querry's cell is enough evidence to

allow the Hearing Officer to conclude that he was in "possession" of the weapon. *Hamilton v.

O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (holding that evidence showing a twenty-five percent

chance of guilt constitutes "some evidence" under the circumstances). That the weapon looked

similar to a prior weapon found in the same cell, that it was found inside of the heater vent of his

cell, and that it was rusted and appeared to have been there for a while does not show that the

decision was unreliable. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some

evidence' standard . . . does not permit courts to consider the relative weight of the evidence

presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented

exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on

which the disciplinary authority relied' in support of its conclusion") (quoting *Viens v. Daniels*,

871 F.2d 1328, 1335 (7th Cir. 1989)). Thus, Mr. Querry's challenge to the sufficiency of the

evidence must be rejected because, under *Ellison*, there is "some evidence" to support the hearing officer's decision.

## IV.   CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Querry to the relief he seeks. Accordingly, Mr. Querry's Petition for Writ of Habeas Corpus must be **DENIED** and the action **DISMISSED**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/15/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Shane Querry, #943517
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana  46168

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov